UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARTHUR THOMPSON, | ) |
| Plaintiff, | ) No. CV-05-3081-CI<br>) |
| v. | ) ORDER GRANTING IN PART<br>) PLAINTIFF'S MOTION FOR SUMMARY<br>) JUDGMENT AND REMANDING FOR |
| JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security, | ) ADDITIONAL PROCEEDINGS<br>) PURSUANT TO SENTENCE FOUR OF<br>) 42 U.S.C. § 405(g)<br>) |
| Defendant. | )<br>) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 16, 20), submitted for disposition without oral argument on May 15, 2006. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Jeffrey H. Baird represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 3.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment and **REMANDS** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff, 40-years-old at the time of the second administrative decision, earned a GED and had past work experience as a service manager, RV sales associate and mechanic, tune-up mechanic, plumber apprentice, boat manufacturing worker, welder and

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 1

cook. He was a single parent with sole custody of sons, ages 10 and 11.  (Tr. at 131.)  He filed applications for Social Security disability and Supplemental Security Income benefits on January 25, 1999, alleging disability as of October 5, 1996.  (Tr. at 104.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Arnold Battise (ALJ).  On December 14, 2000, the ALJ denied benefits; the cause was remanded by the Appeals Council on February 23, 2003.  A supplemental administrative hearing was held and Plaintiff amended his application to a closed period of disability from October 5, 1996, to April 1, 2001.  (Tr. at 21.)  ALJ Verrell Dethloff denied benefits on December 16, 2004.  Review was denied by the Appeals Council.  This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff met the non-disability requirements and was insured for benefits through December 31, 2000.  (Tr. at 31.) Plaintiff had not engaged in substantial gainful activity during the alleged closed period of disability: October 5, 1996, to April 1, 2001. Plaintiff suffered from severe impairments including cannabis dependence, adjustment disorder with a depressed mood, and mild peripheral neuropathy secondary to chemotherapy, but those impairments were not found to meet the Listings.  The ALJ also concluded Plaintiff's testimony was not fully credible.  The ALJ determined Plaintiff had the residual capacity for medium work with additional fine manipulative limitations and restriction to simple tasks.  (Tr. at 31.)  The ALJ concluded Plaintiff could return to

his past relevant work as a boat manufacturing worker and, therefore, was not disabled. Alternatively, the ALJ found Plaintiff could perform other work which exists in significant numbers in the national economy. Therefore, the ALJ found Plaintiff was not disabled.

## ISSUES

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when he erroneously (1) rejected the opinions of the treating, examining and reviewing physicians, and (2) failed to give proper consideration to the testimony of the vocational expert. Finding the first issue to be dispositive, the court does not address the second.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 3

construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

## ANALYSIS

Plaintiff asserts the ALJ erred when he failed to include as severe impairments Plaintiff's musculoskeletal condition and peripheral neuropathy, which resulted in limitations in both fine and gross manipulation. Additionally, Drs. Kester and Brown

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 4

determined Plaintiff would often experience deficiencies of concentration, persistence or pace. (Tr. at 260.) Defendant responds the ALJ correctly rejected examination findings of Dr. Choudhry and relied on the opinion of the state agency physicians, who concluded Plaintiff did not have postural or manipulative limitations and could perform medium work. Additionally, Defendant responds Dr. Kester's finding was not an RFC assessment and the ALJ correctly found Plaintiff could perform simple, one to three step tasks.

The ALJ, in his opinion, concluded Plaintiff would be able to perform one to three step tasks. (Tr. at 26.) Drs. Kester and Brown completed a psychiatric review technique form in August 1999,[1] noting Plaintiff would often have deficiencies of concentration, persistence and pace and would experience once or twice episodes of deterioration. (Tr. at 260.) Also completed was a Mental Residual Functional Capacity Assessment noting limitations with and without the use of drugs. (Tr. at 262.) In that form, Dr. Kester opined Plaintiff would not be significantly limited in his ability to

---

[1] A psychiatric review form is a special technique to assist the ALJ in determining whether a mental condition is severe or meets the Listings, findings made at steps two and three. 20 C.F.R. § 416.920a(d). If the condition is found to be severe, a more detailed functional assessment form (the Mental Residual Functional Capacity Assessment form) is completed to assist the ALJ with findings at steps four and five. SSR 96-8p. Thus, a failure to include limitations noted in the psychiatric review form at steps four and five is not error. SSR 96-8p.

understand, remember and follow simple instructions. (Tr. at 262.) Other occupational limitations would flow from continued use of cannabis. (Tr. at 263-264.) The ALJ correctly included a limitation to simple, one to three step instructions. (Tr. at 31.)

The ALJ, in addressing the medical evidence with respect to physical limitations, stated the following reasons for rejecting the opinions of the treating and examining physicians:

> The claimant's residual functional capacity is at a medium level of physical exertion with additional restrictions. This exertional limitation is based upon the physical residual functional capacity assessment performed in December 1999 by Dr. Staley. This medical consultant found that the claimant was able to lift and carry 50 pounds occasionally and 25 pounds frequently. Additionally, the claimant was also declared to be capable of standing/walking for 6 hours during an 8-hour workday and sitting for 6 hours. Dr. Staley also concluded that the claimant did not have any postural, manipulative or environmental restrictions.
>
> The June 1999 assessment by Mohammad Choudhry, M.D., generally confirms this medium level of physical exertion. In this opinion, the claimant was found to be able to lift and carry 30 to 40 pounds. Additionally, he had no limitations in bending, stooping or crouching. Dr. Choudhry also concluded that the claimant was able to stand for 30 to 45 minutes <u>each hour</u> as well as sit for 45 minutes <u>each hour</u>.
>
> To the extent that these opinions are inconsistent, I accord more weight to that of Dr. Staley, who had access to more of the claimant's medical records.
>
> The Administrative Law Judge also finds that the claimant has non-exertional restrictions in his residual functional capacity. At the hearing, the claimant alleged that his peripheral neuropathy had manifested itself not only in leg pain, but also the inability to perform any tasks involving fine motor dexterity or manipulation. Although the medical record emphasizes neurological complaints in the lower extremities, the Administrative Law Judge, by interpreting the claimant's [testimony] in a manner most favorable to him, finds that the claimant's "RFC" includes a proscription on prolonged or repetitive fine fingering.

(Tr. at 26, references to exhibits omitted.) There is no discussion

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 6

by the ALJ of limitations imposed by Plaintiff's back condition and only an inferential rejection of the gross manipulative limitation noted by Dr. Choudhry.

At step two of the sequential process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment, one which has more than a slight effect on the claimant's ability to work. To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether

each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.

On October 6, 1995, Plaintiff was involved in a motor vehicle accident and suffered injury to his neck, shoulder, and upper back. James T. Martin, D.C., following an examination, noted Plaintiff would have permanent cervical and lumbar impairments of 10%, resulting in chronic pain which would limit him in employment abilities forcing him to leave the work force at an early age. (Tr. at 150.) This opinion was not addressed by the ALJ.

In March and May 1997, Plaintiff underwent two surgeries for testicular cancer and bilateral retropubic pelvic lymph node dissection, followed by two sessions of chemotherapy ending in July 1997. (Tr. at 160, 232.) As a result of the chemotherapy, Plaintiff suffered nausea, fatigue, and peripheral neuropathy. (Tr. at 160.) In November 1997, there was no evidence of cancer reoccurrence. (Tr. at 169.) In May 1998, Plaintiff was evaluated by Dr. Celestia Higano at the University of Washington for low back pain and fatigue. (Tr. at 195.) She diagnosed fatigue syndrome and lymphopenia. (Tr. at 195.) These diagnoses were not addressed by the ALJ.

In June 1999, Dr. Choudhry examined Plaintiff, who complained of chronic fatigue, pain in his hands, feet, neck and low back, abdomen, and right leg. (Tr. at 206.) Dr. Choudhry noted decreased pinprick and temperature touch in a glove and stocking pattern caused by neuropathy secondary to chemotherapy that would result in

a limitation of gross and fine manipulation. (Tr. at 209.) An x-ray demonstrated partial sacralization at L5 with resultant mild spondylosis. (Tr. at 211.) At an examination in November 1999, bilateral muscle wasting was noted in Plaintiff's hands. (Tr. at 268.)

The ALJ noted only that the opinion of the consulting physician was persuasive because he "had access to more of the claimant's medical records." This reason, by itself, is not sufficiently clear and convincing to reject, at step two, the findings of the examining and treating physicians as to the severity of Plaintiff's fatigue, lumbar condition and limitations regarding gross manipulation. Crediting these opinions as a matter of law to find the impairments severe at step two, the question remains as to Plaintiff's residual capacity in light of the limitations supported by the record. Additionally, if found disabled, findings must be made whether Plaintiff's undisputed regular use of marijuana materially contributed to disability. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 16**) is **GRANTED;** the captioned matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is **DENIED.**

3. Any application for attorney fees shall be filed by separate motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 9

1  Judgment shall be entered for Plaintiff and the file shall be
2  **CLOSED.**
3       DATED May 19, 2006.

                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 10