1

2

3

4

5                          UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF WASHINGTON
6
ARTHUR THOMPSON,                        )
7                                       )   No. CV-05-3081-CI
           Plaintiff,                   )
8                                       )   ORDER GRANTING IN PART AND
v.                                      )   DENYING IN PART DEFENDANT'S
9                                       )   MOTION TO ALTER OR AMEND
JO ANNE B. BARNHART,                    )   JUDGMENT
10  Commissioner of Social              )
Security,                               )
11                                      )
           Defendant.                   )
12  _____    )

13       BEFORE THE COURT is Defendant's Motion to Alter or Amend

14  Judgment. (Ct. Rec. 26.) Attorney D. James Tree represents Plaintiff;

15  Assistant United States Attorney Pamela J. DeRusha and Special

16  Assistant United States Attorney Jeffrey H. Baird represent Defendant.

17  The parties consented to proceed before the magistrate judge. (Ct.

18  Rec. 3.)

19       In its Motion timely filed under FED. R. CIV. P. 59, Defendant

20  asserts the court's judgment for Plaintiff should be amended or

21  altered because the court applied the "clear and convincing" standard

22  for the ALJ's rejection of Plaintiff's treating and examining

23  physicians' opinions, rather than the "specific and legitimate"

24  standard required where these medical opinions are contradicted. (Ct.

25  Rec. 27 at 2.) Defendant also contends that the court misapplied the

26  "credit as true" rule in its opinion. (Ct. Rec. 27 at 3.)

27  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
    MOTION TO ALTER OR AMEND JUDGMENT - 1
28

A.   <u>Rejection of treating and examining physician opinions</u>

In its opinion, the court found the ALJ failed to properly reject the medical opinions of examining and treating physicians regarding the severity of Plaintiff's fatigue, lumbar condition and limitations in gross manipulation at step two.  The court found, "[t]he ALJ noted only that the opinion of the consulting physician [Dr. Staley] was persuasive because he 'had access to more of the claimant's medical records.'  This reason by itself, is not sufficiently clear and convincing to reject, at step two, the findings of the examining and treating physicians."  Decision at 9.  This finding is altered to state, "[t]his reason by itself is not sufficient to reject at step two, the findings of the examining and treating physicians."  The court's decision is further amended to add that on remand, at step two, the ALJ shall fully discuss the accepted medical opinions in the record and what weight was accorded to those opinions, including the opinions of non-examining doctors.  If an examining or treating physician's medical opinion regarding the severity of an impairment is uncontradicted, the ALJ shall give "clear and convincing" reasons why the opinion was rejected.  If the medical opinion is contradicted by another acceptable medical source, the ALJ shall give specific and legitimate reasons for rejection.[1]  In rejecting the opinions of other sources, such as James Martin, D.C., the ALJ shall give specific

---

[1]   As is the established Ninth Circuit rule, a non-examining physician's opinion (including medical expert testimony), without more is not substantial evidence.  *Lester,* 81 F.3d at 831.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT - 2

reasons germane to that source. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999).

B.    "Credit as true" rule

Defendant confuses the "credit as true" rule articulated in *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995), with the rule regarding whether a case should be remanded for immediate benefits or for additional proceedings as articulated in *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court may credit as a matter of law, a medical opinion that is improperly rejected by the Commissioner. *Lester,* at 834 (*citing Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Once credited, the court determines whether the evidence with the newly credited medical opinions supports the award of immediate benefits or whether additional issues must be resolved in further proceedings. Here, this occurred, and the court determined remand for additional proceedings was appropriate. As Defendant states she has no objections to this remedy (Ct. Rec. 27 at 4), the court declines to alter or amend its order remanding this matter to the Commissioner for further proceedings. Accordingly,

**IT IS ORDERED,** Defendant's Motion **(Ct. Rec 26)** is **GRANTED IN PART** and **DENIED IN PART**, consistent with the court's decision set forth above.

The District Court Executive file this Order and provide a copy to counsel for Plaintiff and Defendant.

DATED June 29, 2006.

<u>       S/ CYNTHIA IMBROGNO       </u>
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT - 3